UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARLO SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-92 |
| | ) |
| WARDLAW CLAIM SERVICE, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Non-Party's Withdrawal of Motion to Quash [DE 30] filed by the non-party, Indiana Department of Workforce Development, on March 19, 2018. Based on the following reasons, the motion is **GRANTED.**

*Background*

On March 2, 2018 Indiana Department of Workforce Development (IDWD) filed a motion requesting that the court quash the Subpoena to Testify at Deposition in a Civil Action and the Defendant's Notice of Deposition by Written Questions. IDWD argued that the subpoena required the disclosure of confidential and privileged information protected by state and federal law. IDWD also argued that the subpoena and the notice of deposition contained procedural defects. The defendant, Wardlaw Claim Service, LLC, filed a response in opposition on March 12, 2018. In the response, Wardlaw requested that IDWD's motion be denied and that Wardlaw be awarded attorney fees. IDWD did not file a reply.

Shortly thereafter, IDWD requested the court to withdraw the motion to quash. IDWD indicated that it was withdrawing the motion out of an abundance of good faith and in the interest of judicial economy. IDWD filed a Notice of Tender of Documents [DE 31], which

notified the court that on March 19, 2018, the documents requested by the subpoena and the notice of deposition were tendered to counsel for Wardlaw, John Ross, via certified mail, with a courtesy copy mailed via email.

Wardlaw in its response has argued that IDWD's withdrawal of its motion to quash and its belated compliance with the subpoena does not moot the imposition of the attorney fee sanction that it has requested. Wardlaw contends that sanctions are mandatory under Federal Rules of Civil Procedure 26(c)(3), 37(a)(5)(A), 45(g), and appropriate under 28 U.S.C. § 1927.

*Discussion*

As an initial matter, the court notes that Wardlaw's response requests sanctions. Under **N.D. Ind. L.R. 7-1(a),** motions must be filed separately. Wardlaw has not filed a motion requesting sanctions. Accordingly, the request for sanctions is not properly before this court. However, to dispose of Wardlaw's contention that it is entitled to sanctions the court briefly will address the arguments it presented in its response brief.

Wardlaw has indicated that it should be awarded fees based on Federal Rule of Civil Procedure 37(a)(5)(A). **Federal Rule of Civil Procedure 37(a)(5)(A)** states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See Stookey v. Teller Training Distribs., Inc.*, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Therefore, if a motion is granted or if the disclosure or requested discovery is provided after the motion was filed the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees. **Rule 37(a)(5)(A)**. However, Wardlaw has not filed a motion to compel or a separate motion requesting fees.

Wardlaw contends that IDWD's defiance of the subpoena warrants sanctions under Federal Rule of Civil Procedure 45(g). The court finds that Wardlaw has waived this argument for lack of development. "Arguments not developed in any meaningful way are waived." ***Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.,*** 181 F.3d 799, 808 (7th Cir. 1999).

Next, Wardlaw requests sanctions under 28 U.S.C. § 1927. Section 1927 authorizes sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings. **28 U.S.C. § 1927**. Courts have discretion to impose Section 1927 sanctions

> when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice, pursued a claim that is without a plausible legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

***Jolly Group, Ltd. v. Medline Indus., Inc.***, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations and quotations omitted). The court is not required to grant sanctions under Section 1927. ***Corley v. Rosewood Care Ctr., Inc. of Peoria***, 388 F.3d 990, 1014 (7th Cir. 2004) ("Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion."). The moving party must show "extremely negligent conduct, like reckless and indifferent conduct." ***Pacific Dunlop Holdings, Inc. v. Barosh***, 22 F.3d 113, 120(7th Cir. 1994). Wardlaw has not presented evidence of bad faith or reckless and indifferent conduct. Therefore, the court finds that § 1927 sanctions are not warranted.

Based on the foregoing reasons, the Non-Party's Withdrawal of Motion to Quash [DE 30] is **GRANTED**. The clerk is **DIRECTED** to show the Non-Party's Motion to Quash [DE 22] as **WITHDRAWN.**

ENTERED this 18th day of May, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge