UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARLO SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-92 |
| | ) |
| WARDLAW CLAIM SERVICE, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Portions of Plaintiff's Complaint [DE 19] filed by the defendant, Wardlaw Claim Service, LLC, on February 28, 2018. Based on the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

The plaintiff, Marlo Solomon, filed her Complaint on November 30, 2017, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq*. Solomon has brought claims under Title VII for race discrimination and hostile work environment (Count I); sex discrimination and hostile work environment (Count II); retaliation (Count III); and Indiana statutory and state law claims for blacklisting (Count IV) and intentional infliction of emotional distress (Count V).

Solomon was an employee of the defendant, Wardlaw Claim Service, LLC. Wardlaw is an independent insurance adjusting company located in West Lafayette, Indiana. On March 9, 2016, Wardlaw terminated Solomon's employment. Solomon has alleged that while she was employed at Wardlaw she was discriminated against due to her race and sex in violation of Title

VII, and she was retaliated against for reporting alleged sexual harassment. Solomon represents that Wardlaw engaged in harassment and discriminatory employment practices.

After her termination from Wardlaw, Solomon began working for State Farm Insurance in Duluth, Georgia. She was terminated from State Farm on May 24, 2016. Solomon has alleged that Wardlaw continued to retaliate against her by reporting to State Farm that she was "terminated for not submitting and for falsifying performance reports of employees who reported her." Therefore, Solomon contends that based on Wardlaw's false report State Farm fired her and placed her on the "Do not rehire" list.

Solomon filed two charges of discrimination against Wardlaw with the United States Equal Employment Opportunity Commissioner. The first charge of discrimination, Charge No. 461-2016-0092, was filed on April 1, 2016. Solomon alleged discrimination based on race, sex, and retaliation. Solomon filed a second charge of discrimination, Charge No. 470-2017-00600, on February 13, 2017, alleging discrimination based on race, age, and retaliation. The second charge stated that Solomon filed her first charge of discrimination against Wardlaw on April 1, 2016 and that on May 24, 2016 she was terminated from State Farm due to Wardlaw providing unfavorable references and accusing her of committing fraud. Solomon represents that she has received notices of right to sue letters on both charges.

Wardlaw has moved to dismiss portions of the Complaint under Federal Rules of Civil Procedure 12(b)(1), (3), and (6). Wardlaw asserts that the Northern District of Indiana is not the proper venue for Solomon's retaliation claim (Count III) predicated on the facts alleged in the second charge of discrimination. Moreover, Wardlaw argues that Solomon has failed to exhaust her administrative remedies. Wardlaw contends that Solomon's second charge of discrimination was not timely filed with the EEOC within 180 days of the unlawful employment action.

Wardlaw also has moved to dismiss Solomon's blacklisting and intentional infliction of emotional distress claims (Count IV and V) pursuant to Rules 12(b)(1) and (3).  Additionally, Wardlaw has argued that Solomon's intentional infliction of emotional distress claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Solomon filed a response in opposition on March 13, 2018, and Wardlaw filed its reply on March 15, 2018.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(1)** requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction.  Federal courts have subject matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States, in addition to cases between citizens of different states where the amount in controversy exceeds $75,000.  **28 U.S.C. § 1331; 28 U.S.C. § 1332.**  The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995).  However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue,* 536 F.3d 651, 656-57 (7th Cir. 2008).  In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good,* 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

**Federal Rule of Civil Procedure 12(b)(3)** permits dismissal of an action for improper venue.  "Analysis of the Rule 12(b)(3) dismissal motion begins with the question of whether venue is, in fact, improper in this district." *Brantley v. Luxottica Retail North America, Inc.,*

2014 WL 4370848, at *2 (S.D. Ill. Sept. 3, 2014) (emphasis in original).  In a civil action, venue is proper in, among other places, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." **28 U.S.C. § 1391(b)(2).**  The plaintiff bears the burden of establishing that venue is proper.  ***Marzano v. Proficio Mortg. Ventures, LLC***, 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013).  When ruling on a Rule 12(b)(3) motion to dismiss, the court must take all allegations in the complaint as true, unless contradicted by an affidavit, and can consider facts outside the complaint.  ***Nagel v. ADM Inv'r Servs., Inc.***, 995 F. Supp. 837, 843 (N.D. Ill. 1998).  When venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *See* **28 U.S.C. § 1406(a).**

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted."  Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See **Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013).  The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May of 2009.  While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Iqbal***, 556 U.S. at 678 (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.

2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

Solomon has alleged that Wardlaw violated her rights under Title VII, which forbids employment discrimination against any individual based on that individual's race, color, religion, sex, or national origin. *Burlington Northern & Santa Fe Railroad Company v. White*, 548 U.S. 53, 56, 126 S.Ct. 2405, 2408, 165 L.E.2d 345 (2006) (citing Pub.L., 88352, 704, 78 Stat. 257, as amended, 42 U.S.C. § 2000e2(a)). Title VII's separate anti-retaliation provision seeks to prevent harm to individuals based on what they do, i.e., their conduct. *Burlington N.*, 548 U.S. at 63, 126 S.Ct. at 2412. Unlawful retaliation in violation of Title VII occurs when an employer takes actions that discriminate against an employee because she has opposed a practice that Title VII forbids, or testified, assisted, or participated in a Title VII proceeding or investigation. **42 U.S.C. § 2000e-3(a)**; *see also* **Hicks v. Forest Preserve District of Cook County, Illinois,** 677 F.3d 781, 787 (7th Cir. 2012). An employer effectively retaliates against an employee by taking actions not directly related to the employment or by causing harm outside the workplace. *Burlington N.*, 548 U.S. at 63, 126 S.Ct. at 2412.

Wardlaw asserts that "venue is improper regarding Plaintiff's wrongful discharge from employment in Georgia in May of 2016." Solomon has indicated that she has not raised a claim against State Farm for terminating her employment in this instant matter. The court notes that

Wardlaw's arguments are based on Solomon's allegations that Wardlaw unlawfully retaliated against her by reporting to State Farm that she was "terminated for not submitting and for falsifying performance reports of employees who reported her" resulting in her May 24, 2016 termination from State Farm. Therefore, the conduct of Wardlaw, not State Farm, is at issue in this case.

Title VII contains its own venue provision. *See* **42 U.S.C. § 2000e–5(f)(3).** The Title VII venue provision "is not simply a supplement to 28 U.S.C. § 1391, it is the exclusive venue provision for all Title VII . . . actions." ***Nathan v. Morgan Stanley Renewable Dev. Fund, LLC,*** No. 11 C 2231, 2012 WL 1886440, at *11 (N.D. Ill. May 22, 2012) (quoting ***Gwin v. Reynolds & Reynolds Co.,*** No. 01 C 770, 2001 WL 775969, at *1 (N.D. Ill. Jul. 10, 2001)). Under this provision, venue is proper: (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. **42 U.S.C. § 2000e–5(f)(3).** For venue to be proper, a plaintiff only needs to establish one of the Title VII venue provisions. ***Graham v. Spireon, Inc.,*** 2014 WL 3714917, at *2 (N.D. Ill. 2014).

Wardlaw contends that the retaliation claim based on the second charge of discrimination should be dismissed pursuant to Title VII's mandatory venue provision. Wardlaw has argued that: (1) the unlawful employment practices occurred in Duluth, Georgia, which is located in the Northern District of Georgia; (2) the employment records relevant to the unlawful employment practices are maintained and administered, if at all, in the Northern District of Georgia and the Western District of Texas; and (3) but for Wardlaw's alleged retaliation, Solomon would have

6

worked in the Northern District of Georgia. Wardlaw has submitted the Declaration of Crystal Bell, Executive Vice President for Wardlaw. She attests that all communications, if any, that she had with the representatives of State Farm on or after March 9, 2016, regarding Solomon's employment were made from or received in Texas. Therefore, it is Wardlaw's contention that the Northern District of Indiana is the improper venue for Solomon's retaliation claim.

Solomon filed two charges of discrimination with the EEOC. The first charge related to the discrimination and retaliation Solomon allegedly experienced while employed by Wardlaw in West Lafayette, Indiana. The second charge indicated that Solomon had filed a charge of discrimination against Wardlaw with the EEOC on April 1, 2016. She began working for State Farm on April 30, 2016, but she was terminated due to Wardlaw providing unfavorable references and accusing her of committing fraud. Solomon's allegation of retaliation relating to her employment in Duluth, Georgia, is alleged solely against Wardlaw and its alleged retaliatory conduct.

Wardlaw does not contest venue as to the claims that relate to the first charge of discrimination. Therefore, venue is proper on Solomon's race and sex discrimination claims and the retaliation claim predicated on the first charge. However, venue is improper as it relates to the allegations contained in the second charge. The court acknowledges that venue must be established for each claim. Therefore, since venue is improper on Solomon's retaliation claim based on the second charge, it appears that claim should be dismissed or transferred. However, that outcome is unfair and undermines the goals of judicial economy, fairness to litigants, and convenience to parties and witnesses on which venue is based. The claims are asserted against the same defendant, and presumably will have similar evidence and witnesses.

The court recognizes that Crystal Bell attests that the communication to State Farm came from Wardlaw's headquarters located in Waco, Texas. However, the alleged conduct, i.e., committing fraud, that supported the unfavorable references occurred while Solomon worked in West Lafayette, Indiana. Therefore, relevant witnesses are located in the Northern District of Indiana. Solomon's claims are so interrelated that ordinarily she would be expected to bring them in one proceeding. It would result in a waste of judicial resources and would not serve judicial economy to separate Solomon's claims. *See* **Sabay v. Reno,** 1996 WL 167332, at *3 (N.D. Ill. 1996) (separating plaintiff's Title VII claims from his ADEA claim would result in a waste of judicial resources and would not serve judicial economy).

According to the doctrine of "pendent venue," a claim that is not properly venued standing alone still can be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts also is brought at the same time in the same district. **Pacer Global Logistics, Inc. v. National Passenger R.R. Corp.,** 272 F.Supp.2d 784, 789 (E.D. Wis. 2003). The courts may exercise their discretion to hear claims as to which venue is lacking if the interests of judicial economy are furthered by hearing the claims together. **Sierra Club v. Johnson,** 623 F.Supp.2d 31, 37 (D.D.C. 2009). Federal courts increasingly are recognizing the doctrine of pendent venue. *See* **Giordano v. City of Palm Bay,** 2007 WL 4365341, *2 (N.D. Ill. Dec. 12, 2007) ("venue may be proper with respect to an improperly venued claim if the claim is joined to a properly venued claim, and the claims arise out of a common nucleus of operative fact.")

The court finds that the majority of the factual allegations contained in the complaint are predicated on the first charge of discrimination. Therefore, the events giving rise to this matter predominantly occurred in the Northern District of Indiana. Since venue has been established on

Solomon's Title VII race and sex discrimination claims by applying the exclusive venue provision, judicial economy weighs heavily in favor of keeping all of her claims before one court.

Next, Wardlaw has argued that Solomon has failed to exhaust her administrative remedies. In ruling on a motion to dismiss, the court generally does not look outside the pleadings. "[H]owever, the court may take into consideration documents incorporated by reference to the pleadings and also may take judicial notice of matters of public record." *Milwaukee Police Assoc. v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (internal quotation marks omitted). The court takes judicial notice of the two charges of discrimination that were attached and incorporated by reference in the Complaint.

Solomon filed her second charge of discrimination with the Indiana Civil Rights Commission on February 13, 2017. Wardlaw has argued that Solomon's second charge of discrimination was untimely. Wardlaw contends that the discriminatory acts are alleged to have occurred in Georgia and that Georgia is a "non-deferral" state. Therefore, a charge of discrimination must be filed with the EEOC within 180 days of the last discriminatory act. *See Watson v. Blue Circle, Inc.,* 324 F.3d 1252, 1258 (11th Cir. 2003) ("Because Georgia is a non-deferral state, Watson was required to file a Charge of Discrimination within 180 days of the alleged unlawful employment action.") As alleged in Solomon's second charge of discrimination, the last discriminatory act occurred on May 24, 2016. However, she did not file the charge with the EEOC until February 13, 2017, 285 days later.

The court finds that Wardlaw's argument is without merit. Solomon filed her charge of discrimination with the Indiana Civil Rights Commission. An individual alleging discrimination under Title VII "must file a Charge [of Discrimination] with the EEOC within 180 days of the

9

complained-of employment action . . ." **42 U.S.C. § 2000e–5(e).** However, Indiana is a "deferral" state, meaning that if an individual files her charge of discrimination with a state or local agency (such as the Indiana Civil Rights Commission, for example), "the time limit for filing with the EEOC is extended to 300 days." ***EEOC v. Commercial Office Prods. Co.***, 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988)); ***Whipple v. Taylor University, Inc.,*** 162 F.Supp.3d 815, 829 (N.D. Ind. 2016). Accordingly, Solomon has exhausted her administrative remedies.

Wardlaw has argued that Solomon's claims for blacklisting and intentional infliction of emotional distress should be dismissed for lack of subject matter jurisdiction and improper venue. However, the court first will address Wardlaw's contention that Solomon's intentional infliction of emotional distress claim fails pursuant to Rule 12(b)(6).

The elements of an intentional infliction of emotional distress claim are that the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another. ***Curry v. Whitaker,*** 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). "The requirements to prove this tort are rigorous." ***Branham v. Celadon Trucking Servs., Inc.***, 744 N.E.2d 514, 523 (Ind. Ct. App. 2001) (citations omitted). Indiana requires conduct that is so extreme that it "goes beyond all possible bounds of decency" and would cause an average member of the community to shout "Outrageous!" ***Westminster Presbyterian Church of Muncie v. Yonghong Cheng,*** 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (quoting ***Bradley v. Hall,*** 720 N.E.2d 747, 752–53 (Ind. Ct. App. 1999) (quoting **Restatement (Second) of Torts** § 46 cmt. d (1965)). "Liability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."
***Bradley v. Hall,*** 720 N.E.2d 747, 753 (Ind. Ct. App. 1999).

Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases. ***Cortezano v. Salin Bank & Tr. Co.,*** 680 F.3d 936, 941 (7th Cir. 2012). In ***Cortezano,*** the employee alleged that an officer of the employer "shouted directly in her face that [her husband] was 'garbage' and a 'piece of shit'" approximately one week before she was terminated. ***Cortezano,*** 680 F.3d at 941. The Seventh Circuit concluded that while the officer's actions were "unprofessional, inappropriate, and no doubt upsetting," this conduct "did not meet the standard Indiana requires to establish extreme and outrageous conduct." ***Cortezano,*** 680 F.3d at 941. "Generally, disciplining and terminating an employee is not severe enough to meet the standard to show extreme and outrageous conduct." ***Walton v. United States Steel Corp.,*** 2012 WL 6681725. *11 (N.D. Ind. Dec. 21, 2012).

Solomon's intentional infliction of emotional distress claim is predicated on the same set of facts as her Title VII discrimination claims. Solomon concedes that termination of employment in most cases falls short of the outrageous standard. However, she has argued that "the instant case is far from typical." Solomon has alleged that she defended her coworkers when they were subjected to sexual harassment and that she was subjected to sexual harassment herself. Also, she reported the alleged sexual harassment to her supervisors, which ultimately led to her being retaliated against and terminated from her employment. In Count V of the Complaint, Solomon alleged that Wardlaw punished her for protecting female employees from sexual harassment, criticized her many accomplishments, and intentionally destroyed her successful career. Solomon has not cited any case authority to support her contention that the conduct alleged would amount to outrageous.

The court, viewing in the light most favorable to Solomon, finds that the evidence does not support her intentional infliction of emotional distress claim. Solomon has not shown that Wardlaw's conduct was extreme or outrageous. She has not alleged facts that are more extreme than those of a typical employment claim. Accordingly, Solomon's intentional infliction of emotional distress claim is dismissed.

Finally, Wardlaw contends that Solomon's claim for blacklisting under Indiana Code 22-5-3-1 should be dismissed for lack of subject matter jurisdiction and improper venue because the facts alleged are extraterritorial acts that occurred in Georgia and/or Texas. Wardlaw has dedicated approximately one paragraph to each of its arguments. "Arguments not developed in any meaningful way are waived." *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.,* 181 F.3d 799, 808 (7th Cir. 1999). However, the court will address Wardlaw's brief arguments.

Indiana Code 22-5-3-1 provides:

> (a) A person who, after having discharged any employee from his service, prevents the discharged employee from obtaining employment with any other person commits a Class C infraction and is liable in penal damages to the discharged employee to be recovered by civil action; but this subsection does not prohibit a person from informing, in writing, any other person to whom the discharged employee has applied for employment a truthful statement of the reasons for the discharge.
>
> (b) An employer that discloses information about a current or former employee is immune from civil liability for the disclosure and the consequences proximately caused by the disclosure, unless it is proven by a preponderance of the evidence that the information disclosed was known to be false at the time the disclosure was made.

The court has original jurisdiction over Solomon's Title VII claims. Therefore, the court must determine whether it should exercise supplemental jurisdiction. "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

12

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." **28 U.S.C. § 1367.** Therefore, whether a claim is part of the same case or controversy as the claim within a court's original jurisdiction is determined according to the standard for exercising pendent jurisdiction set forth in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Gibbs,* the Supreme Court held that federal courts may exercise pendant jurisdiction over a state claim if the state and federal claims "derive from a common nucleus of operative fact," so that the claims "are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs,* 383 U.S. at 725. "A loose factual connection between the claims is generally sufficient" to meet this requirement. *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995).

Solomon has indicated that the "exact same facts that bolsters Plaintiff's retaliation claim under Title VII also underpin Plaintiff's blacklisting claim." The court has found that it would be a waste of judicial resources and would not serve judicial economy to separate Solomon's claims. Therefore, the court has allowed Solomon to proceed on her retaliation claim based on the facts alleged in the second charge of discrimination. The court finds that Solomon's Title VII claims and her blacklisting claim are derived from a common nucleus of operative fact.

Moreover, in a civil action venue is proper in, among other places, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." **28 U.S.C. § 1391(b)(2).** Solomon has alleged that Wardlaw terminated her employment and prevented her from obtaining employment with State Farm by knowingly providing false information to State Farm. Solomon was employed by Wardlaw located in West Lafayette, Indiana. Therefore, the conduct that formed the basis of the alleged false information that Wardlaw reported to State

Farm occurred while she was employed in West Lafayette, Indiana. Accordingly, Wardlaw's request to dismiss the blacklisting claim is denied.

Based on the foregoing reasons, the Motion to Dismiss Portions of Plaintiff's Complaint [DE 19] is **GRANTED in part and DENIED in part.** Accordingly, the court hereby **DISMISSES** Count V of the Complaint (intentional infliction of emotional distress).

ENTERED this 3rd day of August, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge