UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARLO SOLOMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cv-92 |
| WARDLAW CLAIM SERVICE, LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Vacate Order for Attorney Fees [DE 44] filed by the plaintiff, Marlo Solomon, on August 28, 2018. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Marlo Solomon, filed her Complaint on November 30, 2017, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq*. Solomon has brought claims under Title VII for race discrimination and hostile work environment (Count I); sex discrimination and hostile work environment (Count II); retaliation (Count III); and Indiana statutory claim for blacklisting (Count IV). The court on August 3, 2018, dismissed Count V of Solomon's Complaint.

On April 18, 2018 the defendant, Wardlaw Claim Service, LLC, filed a motion to compel with a supporting brief. Wardlaw indicated that on February 19, 2018, Solomon was served with interrogatories and requests for production. However, as of the date the motion to compel was filed, it was Wardlaw's contention that Solomon had failed to answer the interrogatories or properly respond to the requests for production.

Solomon did not file a response in opposition to the motion to compel. After the time to do so had passed, the court entered an order on May 18, 2018, granting the motion to compel. The court ordered Solomon to provide full and complete responses to Wardlaw's discovery requests within 14 days of the order. Additionally, the court directed Wardlaw to file an affidavit indicating its fees and expenses incurred in bringing the motion to compel within 14 days of the order. On May 21, 2018, Wardlaw filed an affidavit that indicated the costs incurred in bringing the motion to compel. Again, Solomon did not file a response in opposition. On July 30, 2018, the court ordered Solomon to pay Wardlaw's attorneys' fees in the total amount of $4,240.00 within 30 days of the date of the order.

Solomon has filed a motion requesting the court to vacate its July 30, 2018 order. Wardlaw filed a response in opposition on September 4, 2018, and Solomon did not file a reply.

*Discussion*

The court will construe Solomon's motion as a motion to reconsider. Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **United States v. Ligas**, 549 F.3d 497, 501 (7th

Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

Solomon has indicated that she was not aware of the motion to compel until the court entered the order granting the motion on May 18, 2018. Solomon represents that the only explanation for her counsel's oversight was that he collected the motion to compel with the ongoing dispute between Wardlaw and the Indiana Department of Workforce Development. The Indiana Department of Workforce Development filed a motion to quash on March 2, 2018. The motion was fully briefed on March 26, 2018. Wardlaw filed its motion to compel almost a month later on April 18, 2018.

Moreover, Solomon contends that the motion to compel was unnecessary and frivolous. Solomon has indicated that Wardlaw did not attempt in good faith to obtain the alleged deficient discovery before requesting court action. Solomon represents that counsel for Wardlaw did not raise any issue with the production of discovery until May 15, 2018. However, the court found that Wardlaw had attempted in good faith to resolve the discovery dispute before requesting court intervention pursuant to Local Rule 37-1. Solomon has not pointed to any evidence that she had produced the outstanding discovery prior to Wardlaw filing its motion to compel.

Solomon filed her motion to reconsider more than three months after the court's order granting the motion to compel. Additionally, Solomon did not object to Wardlaw's motion to compel or the affidavit that indicated the fees incurred in bringing the motion to compel. The party must point to something the court overlooked, and here Solomon is unable to do so because she never filed a response to the motion to compel. ***Ahmed v. Ashcroft,*** 388 F.3d 247, 249 (7th Cir. 2004). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." ***Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,*** 90 F.3d 1264, 1269 (7th Cir. 1996). Solomon has not demonstrated an error of law, a change in legal arguments, or an aspect of the case that the court overlooked.

Based on the foregoing reasons, the Motion to Vacate Order for Attorney Fees [DE 44] is **DENIED.**

ENTERED this 13th day of November, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge