UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARLO SOLOMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cv-92 ) |
| WARDLAW CLAIM SERVICE, LLC, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Discovery Sanctions for Failure to Comply with Court's Prior Discovery Order (Docket No. 39) and Brief in Support [DE 43] filed by the defendant, Wardlaw Claim Service, LLC, on August 16, 2018. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Marlo Solomon, filed her Complaint on November 30, 2017, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq*. Solomon has brought claims under Title VII for race discrimination and hostile work environment (Count I); sex discrimination and hostile work environment (Count II); retaliation (Count III); and Indiana statutory and state law claim for blacklisting (Count IV).

On April 18, 2018, the defendant, Wardlaw Claim Service, LLC, filed a motion to compel Solomon to respond to Wardlaw's interrogatories and requests for production of documents. Wardlaw indicated that on February 19, 2018, Solomon was served with interrogatories and requests for production. As of the date the motion to compel was filed, April

18, 2018, it was Wardlaw's contention that Solomon had failed to answer the interrogatories or properly respond to the requests for production.

Solomon did not file a response in opposition to the motion to compel. After the time to do so had passed, the court entered an Order on May 18, 2018, granting the motion. The court ordered Solomon to provide full and complete responses to Wardlaw's discovery requests within 14 days of the Order. Additionally, the court directed Wardlaw to file an affidavit indicating its fees and expenses incurred in bringing the motion to compel within 14 days of the Order. On May 21, 2018, Wardlaw filed an affidavit that indicated the costs incurred in bringing the motion. Again, Solomon did not file a response in opposition. On July 30, 2018, the court ordered Solomon to pay Wardlaw's attorneys' fees in the total amount of $4,240.00 within 30 days of the date of the Order.

Wardlaw has moved for sanctions against Solomon and her attorney for their failure to comply with the court's discovery Order. Solomon filed a response in opposition on August 29, 2018, and Wardlaw filed a reply on September 5, 2018. The discovery deadline in this matter was September 28, 2018. On November 8, 2018, the court ordered Wardlaw to indicate within fourteen days of the date of the Order what discovery remained outstanding. Wardlaw filed a response to the court's Order on November 22, 2018.

*Discussion*

"**Federal Rule of Civil Procedure 37(b)(2)(A)** grants the district courts the power to impose appropriate sanctions for violations of discovery orders . . . [and] district courts have 'wide latitude in fashioning appropriate sanctions.'" ***e360 Insight, Inc. v. Spamhaus Project,*** 658 F.3d 637, 642 (7th Cir. 2011) (quoting ***Johnson v. Kakvand,*** 192 F.3d 656, 661 (7th Cir. 1999)). Sanctions for discovery violations other than dismissal do not require such a showing of

willfulness, bad faith, or fault, and failure to comply with a court order is a sufficient basis to impose sanctions under Rule 37(b)(2)(A). *See e360 Insight,* 658 F.3d at 642. Moreover, "instead of or in addition to" any sanction a court may impose, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." **Federal Rule of Civil Procedure 37(b)(2)(C).**

Wardlaw contends that on the date the instant motion was filed, August 16, 2018, approximately three months had passed, and Solomon still had not complied with the court's Order to provide full and complete responses to Wardlaw's discovery requests. In the instant motion, Wardlaw requested that the court order Solomon to:

- Provide a sworn verification for Plaintiff's interrogatory responses;

- Provide responses to Defendant's requests for production signed as required by *Fed. R. Civ. P*. 34;

- Provide accurate, appropriate answers to Interrogatory Nos. 8-10 (Docket No. 43-1, Exhibit 4);

- Produce documents identified in her interrogatory responses, *e.g.*, "emergency bill," hotel charges, travel expenses, (Interrogatory No. 6; Docket No. 43-1, Exhibit 5)), applications for other employment;" *etc*.;

- Produce all 24 "attachments" to Deposition Exhibit No. 81 (Docket No. 43-1, Exhibit 2);

- Produce her 2016 tax return (responsive to Request No. 35); and

- Produce her attorney fee agreement, invoices, and other documents responsive to Request for Production No. 4 (Docket No. 43-1, pp. 4-5).

On November 8, 2018, the court ordered Wardlaw to indicate what discovery remained outstanding. As of November 22, 2018, Wardlaw indicated that Solomon had not provided accurate, appropriate answers to Interrogatories nos. 8-10 and that she had not produced

3

documents identified in her interrogatory responses, *e.g.*, "emergency bill," hotel charges, travel expenses, "applications for other employment," *etc*. Additionally, Wardlaw indicated that Solomon had not paid Wardlaw's attorneys' fees that were ordered by the court on July 30, 2018.

Solomon represents that she provided revised answers to Wardlaw's interrogatories on June 12, 2018. However, she has not filed the revised interrogatories as an attachment to her response. Rather, Wardlaw has provided Solomon's answers to Interrogatories nos. 8, 9, and 10 as an attached exhibit to the motion. Interrogatories nos. 8, 9, and 10 request Solomon to:

> separately describe in detail any act, or any oral or written statement, *e.g.,* anecdotal evidence, **you** contend constitutes direct evidence of race discrimination, sex discrimination, unlawful retaliation made by any principal, officer, agent, director, servant or employee of Defendant. Include in **your** answer the content of the alleged statement *in haec verba,* the **identity** and position or job title of the person(s) who allegedly made any such statement, the **identity** and position or job title, if any, of all person(s) to whom or in whose presence or hearing any such statement was allegedly made, and the date, time and place any such statement was allegedly made.

[DE 43-1]. The court finds that Solomon's answers to Interrogatories 8, 9, and 10 were non-responsive. The interrogatories ask for Solomon to describe in detail any act, or any oral or written statement that constituted direct evidence of race discrimination, sex discrimination, and retaliation and to identify the position or job title of the person who allegedly made any such statement. Solomon has not done so.

**Federal Rule of Civil Procedure 37(a)(4)** provides that "an evasive or incomplete disclosure, answer, or response [to a discovery request] must be treated as a failure to disclose, answer, or respond." The court concludes that Solomon failed to comply with the court's Order to provide full and complete responses to Wardlaw's discovery requests. Thus, sanctions are

appropriate. Solomon is ordered to fully respond to the interrogatories or certify that no such information exists.

Wardlaw also has requested that Solomon produce documents identified in her interrogatory responses, *e.g.*, "emergency bill," hotel charges, travel expenses, "applications for other employment," *etc*. Solomon represents that she has produced all responsive documents in her possession. Based on Solomon's representation, the court cannot order her to produce documents that she does not have. Therefore, since the documents identified in her interrogatory responses, *e.g.*, "emergency bill," hotel charges, travel expenses, "applications for other employment," *etc.* have not been produced those documents may not be used at trial.

Wardlaw requests that Solomon pay Wardlaw's reasonable attorney fees and expenses to incurred in making or prosecuting the instant motion for sanctions. "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." ***Halas v. Consumer Servs., Inc.,*** 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." ***Halas,*** 16 F.3d at 164 (citations omitted). "An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." ***Crown Life Ins. Co. v. Craig,*** 995 F.2d 1376, 1382 (7th Cir. 1993).

Solomon asserted factual allegations in her response to Wardlaw's request for discovery sanctions. However, the allegations are not supported by an affidavit, exhibits, or evidence. Therefore, Solomon has not offered an explanation, other than counsel's unsworn statements, for her failure to comply with the court's prior discovery Order and her failure to make payment for

the attorneys' fees previously ordered by the court. Additionally, Solomon has not objected to any of the discovery requests.

Without any evidence or argument to the contrary, the court is unable to find that Solomon has complied with the court's May 18, 2018 and July 30, 2018 Orders or that the failure to comply was substantially justified. Both the decision to sanction and the choice of an appropriate sanction are within the broad discretion of the court. *See **Melendez v. Ill. Bell Tel. Co.,*** 79 F.3d 661, 670 (7th Cir. 1996). The court concludes an award of fees and costs against Solomon is warranted. Wardlaw is **DIRECTED** to file an affidavit indicating its fees and expenses incurred in bringing the motion for discovery sanctions.

Based on the foregoing reasons, the Motion for Discovery Sanctions for Failure to Comply with Court's Prior Discovery Order (Docket No. 39) and Brief in Support [DE 43] is **GRANTED.**

Solomon is **ORDERED** to file appropriate answers to Interrogatories Nos. 8-10 within fourteen days of the date of this Order.

Solomon is further **ORDERED** to pay Wardlaw's attorney fees as ordered by the court on July 30, 2018 within fourteen days of this Order.

ENTERED this 21st day of December, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge